# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Shenzhen Olight E-Commerce Technology Co., Ltd., a Chinese limited company,<br>　　　　Plaintiff,<br>vs.<br>Hai Zhou, A Chinese Individual; Zhanjiangshi Xiaocheng Keji Co., Ltd. AKA Zhanjiangshi Little Orange Technology Co., Ltd., a Chinese Limited Company<br>　　　　Defendants. | Case No. |

## COMPLAINT

Plaintiff, Shenzhen Olight E-Commerce Technology Co. Ltd. ("Plaintiff"), by and through its attorneys of record, appears and states by way of the Complaint and alleges the following against Defendants Hai Zhou, and Zhanjiangshi Xiaocheng Keji Co., Ltd. ("Defendants"), and alleges based on information and belief as follows:

## JURISDICTION AND VENUE

1. This action is brought under, and subject matter jurisdiction of this matter is vested in this Court through, 28 U.S.C. § 1331 (Federal Question Jurisdiction) and 1338 (action arising under an Act of Congress relating to trademarks and copyrights). This action is also brought under the trademark laws of the United States, U.S. Trademark Act of 1946, as amended, (15 U.S.C. § 1051 et seq.), and Federal Unfair Competition under Section 43 of the Lanham Act (15 U.S.C. § 1125).

2. Venue is proper in this action under 28 U.S.C. § 1391 because Defendants does business within the state of Illinois, a substantial part of the harm from the events or omissions giving rise

to the claims occurred in this District, and because the Defendants is subject to personal jurisdiction in this District.

3. The Court has supplemental jurisdiction over all state and common law claims pursuant to 28 U.S.C. § 1367. The state law claims are integrally related to the federal claims and arise from a common nucleus of operative facts.

4. Defendants' infringing product is available throughout the United States and is available on Amazon. On information and belief, consumers within the Northern District of Illinois have the ability to make, have made , and are continuing to make, purchases of Defendants' infringing products. Therefore, Plaintiff's claims of infringement include transactions that happen on a regular basis within Illinois's jurisdiction.

5. Defendants transacted and conducted, and continues to transact and conduct, business in this judicial district, purposefully availing itself of the benefits and laws of this judicial district and purposefully directing significant and substantive contacts at this judicial district. Defendants maintains ongoing contractual relationships within this district and conducts or solicits business within this district. Defendants directly and/or through intermediaries, offers for sale, sells, and advertises its products that are pertinent to this action within this district.

6. On information and belief, Defendants is not a resident of the United States. Therefore, for venue purposes under 28 U.S.C. § 1391(c)(3), Defendants may be sued in any judicial district, including the Northern District of Illinois.

///

///

**INTRODUCTION**

7. This action has been filed by Plaintiff to combat an individual who is deliberately infringing upon Plaintiff's intellectual property rights by providing a light emitting product bearing Plaintiff's mark infringing Plaintiff's prior intellectual property rights.

8. Plaintiff is and has been in the business of selling various lighting and electronic devices in United States commerce since at least as early as 2007.

9. Plaintiff and its products have enjoyed considerable media coverage and recognition in numerous newspapers, magazines, and other publications.

10. Plaintiff has extensively promoted its company and products throughout the world and the United States through the internet and social media sites such as:

a. https://www.amazon.com/stores/page/098E844F-88E8-45DC-901F-203F35540649/?_encoding=UTF8&store_ref=SB_A09326483BMPHR97FCPQP&pd_rd_plhdr=t&aaxitk=acd3775b0a9f13b88d8df334c0d1046d&hsa_cr_id=0&lp_asins=B0B5RTWLST%2CB07DLRK7Q5%2CB0BK9LR9BT&lp_query=Olight&lp_slot=auto-sparkle-hsa-tetris&ref_=sbx_be_s_sparkle_ssd_hl&pd_rd_w=2s8nt&content-id=amzn1.sym.cd95889f-432f-43a7-8ec8-833616493f4a%3Aamzn1.sym.cd95889f-432f-43a7-8ec8-833616493f4a&pf_rd_p=cd95889f-432f-43a7-8ec8-833616493f4a&pf_rd_r=474EDM0FTCYWN31XNHJZ&pd_rd_wg=ajfwz&pd_rd_r=ea4cd39d-7366-4b0e-8390-5f5bb1b415cc

b. https://www.ebay.com/str/olightolight?_trksid=p2047675.m3561.l2563

c. https://olightworld.com/

d. https://www.olightstore.com/

e. https://www.walmart.com/search?q=Olight&facet=brand:Olight

f. https://www.walmart.com/search?q=Olight&facet=brand:Olight

g. https://www.facebook.com/groups/Olight

11. Plaintiff is internationally known for its lighting apparatuses.

12. Plaintiff is the owner of U.S. Trademark Registration No. 4087723 for "OLIGHT", which was first used in connection with lighting and electronic devices on or about August 2007.

13. Plaintiff is the owner of U.S. Trademark Registration No. 4827605 for , which was first used in connection with lighting and electronic devices on or about January 2014.

14. Plaintiff and Plaintiff's Marks are associated with high quality products in the lighting apparatuses industry.

15. As a result of, inter alia, Plaintiff's exclusive, continuous, and substantial use of the OLIGHT mark, and Plaintiff's exclusive, continuous, and substantial marketing, advertising, and promoting of its company and products bearing the OLIGHT mark, and the publicity and attention that has been paid to OLIGHT, Plaintiff has acquired valuable goodwill in both Illinois and national marketplaces.

16. Defendants filed Application serial number 97196561 on December 30, 2021 to register the OLIGHT mark in connection with "Earbuds; Loudspeakers; Abdominal belts containing built-in speakers for purposes of transmitting music/sounds/educational material to a fetus and built-in pockets in which to carry audio transmitters; Acoustic sound alarms; Adapter cables for headphones; Apparatus for recording, transmission or reproduction of sound and images; Baby

4

monitors; Batteries and battery chargers; Climate control digital thermostats; Environmental monitoring system comprised of meters and sensors that measure pressure, humidity, temperature and includes alarm and reporting functions; Eye covers for protective purposes; Gas alarms; Multi-function electronic device for use in children's rooms comprising a sound producing function, temperature gauge and also including a clock and nightlight; Optical lamps; Personal headphones for sound transmitting apparatuses; Radio transmitters and receivers; Sound bars; Soundbar speakers; Wireless transmitters and receivers" in International class 009 ("Defendants' Goods")

17. On or before June 25, 2022, Plaintiff became aware of actual confusion between Plaintiff's Marks and Defendants' product and mark when a customer notified Plaintiff showing Defendants' goods bearing Plaintiff's marks stating the customer found this product.

18. Another customer notified Plaintiff on July 11, 2022 about Defendants' product and mark stating that they did not know Plaintiff made those goods.

19. On December 02, 2022, Plaintiff filed a Notice of Opposition, Proceeding Number 91282130 (the "Opposition Proceeding") against Defendants in the United States Patent and Trademark Office ("USPTO") before the Trademark Trial and Appeal Board ("TTAB") on the grounds of Priority and Likelihood of Confusion, no bona fide intent to use mark in commerce for identified goods or services, not the rightful owner, and fraud on the USPTO.

20. During the Opposition Proceeding before TTAB, Defendants produced documents showing that Defendants is currently selling an electronic device that operates as a sound and light machine bearing Plaintiff's identical OLIGHT mark on Amazon and being sold as the brand Olight.

21. Defendants is knowingly continuing its infringing conduct by continuing to sell the sound and light machine despite having full knowledge of Plaintiff's prior rights and knowledge of the actual and ongoing confusion.

22. This Court has jurisdiction over Defendants, in that Defendants has committed acts of trademark infringement in this judicial district, is not a resident of the United States and may be sued in any judicial district and has substantial and sufficient contacts within this district.

## PARTIES

**Plaintiff**

23. Plaintiff is a Chinese Limited Company with its principal place of business located at 5th Floor, Building A2, Fuhai Information Harbor, Quiatou, Fuhai Sub District, Shenzhen, China.

24. Plaintiff is the owner of U.S. Trademark Registration No. 4087723 for OLIGHT which was first used in connection with lighting and electronic devices on or about August 2007 and Registration No. 4827605 for ⓞ OLIGHT which was first used in connection with lighting and electronic devices on or about January 2014 ("Plaintiff's Marks").

25. Plaintiff's Marks are available to the public on the Trademark Electronic Search System on the United States Patent and Trademark website.

26. Plaintiff is internationally known for its lighting apparatuses under the OLIGHT mark.

**Defendants**

27. Hai Zhou is a Chinese individual with an address of 2nd floor, Beida Qingniao Building, Bo. 5, Science South 5th Road, Nanshan, Shenzhen, China.

28. During the Opposition Proceeding, Defendant, Hai Zhou, produced documents to show Defendants' use of OLIGHT, including information regarding an Amazon listing of a sound and light machine for sale under the OLIGHT mark, and claiming "Zhanjiangshi Little Orange Co., Ltd." as his company.

29. The seller information for the Amazon listing shows "Xiao Cheng Official".

30. Business name for the Seller information is Zhanjiangshi Xiaocheng Keji Co., Ltd.. which is the Chinese name for Zhanjiangshi Little Orange Co., Ltd.

31. Zhanjiangshi Xiaocheng Keji Co., Ltd is a Chinese Limited Company with its principal place of business located at Kinder Apartment 29 Kinder Road - Room 906 Zhanjiang City Mazhang District Guangdong Province 524000.

32. Defendant Hai Zhou is the owner of the trademark application, while Xiaocheng is selling the items on Amazon and claiming the use of Xiaocheng.

33. On information and belief, Xiaocheng and Hai Zhou share common assets.

34. Upon information and belief, Hai Zhou funds and provides capital to Xiaocheng.

35. Upon information and belief, Xiaocheng is undercapitalized.

36. Upon information and belief, money and funds have freely flown between Hai Zhou and Xiaocheng.

37. Upon information and belief, Hai Zhou and Xiaocheng have comingled funds.

38. Upon information and belief, Xiaocheng has no corporate records.

39. Upon information and belief, Xiaocheng has failed to observe corporate formalities.

40. Upon information and belief, Xiaocheng has no other corporate officers or directors other than Hai Zhou.

41. Upon information and belief, Xiaocheng has not maintained or kept up with corporate formalities.

42. Upon information and belief, Xiaocheng has failed to issue stock.

43. Xiaocheng is merely an alter ego of Hai Zhou, and failure to disregard separate identities would result in fraud and injustice to Plaintiff.

44. There is no name or other identifying information other than "Xiao Cheng Official" on the Amazon listing.

45. At such time, as Plaintiff learns the true names, identities, and capacities of Defendants, Plaintiff will amend this Complaint to reflect such names and capacities.

## THE DEFENDANTS' UNLAWFUL CONDUCT

46. Plaintiff is the owner Plaintiff's Marks which were first used in connection with lighting and electronic devices on or about August 2007 and January 2014 in International Class 011.

47. Plaintiff uses Plaintiff's Marks in connection with electronic devices and lighting apparatuses on Amazon and Plaintiff's own website.

48. Defendants filed for its own application for OLIGHT on December 30, 2021 under a Section 1(b) intent-to-use basis.

49. Defendants' earliest priority date of December 30, 2021 is many years after Plaintiff's federal registration rights in both of Plaintiff's Marks.

50. Defendants' uses the mark OLIGHT which is identical to Plaintiff's Marks.

51. Even after Plaintiff filed the Opposition Proceeding against Defendants, Defendants continues to use the OLIGHT mark that is identical to Plaintiff's Marks in design, connotation, and overall commercial impression.

52. During the course of discovery in the Opposition Proceeding, Defendants provided evidence of actual use of the infringing OLIGHT mark on its light emitting product on or about July 29, 2022. Defendants' product remains active as of the date of this filing.

53. Defendants only created its Application after Plaintiff began providing lighting apparatuses under the OLIGHT mark and Plaintiff's marks had already started to become popular.

54. Defendants' description of its product specifically describes the purpose and function of the product as having adjustable color and brightness levels of light by stating: "sound machine white noise machine with 30 soothing sounds 12 colors sleep machine with 5 times and memory function 32 levels of volume 10 adjustable brightness for baby kids adults" (emphasis added).

55. Both Plaintiff's and Defendants' goods target the same consumers, namely, consumers looking for lighting apparatuses.

56. Both Plaintiff's and Defendants' goods are provided through the same channels of trade, namely, online and through Amazon.com.

57. Defendants had access to Plaintiff's Marks through the USPTO database and Amazon and intentionally incorporated Plaintiff's Marks in order to financially benefit from Plaintiff's intellectual property.

9

58. Defendants' Amazon listing represents a clear attempt to benefit from Plaintiff's hard-earned popularity and goodwill in a willful and deliberate attempt to try to obtain customers, and revenue, based off of Plaintiff's Marks and established goodwill.

59. Defendants' exploitation of Plaintiff's Marks for Defendants' own identical mark for similar goods constitutes infringement of Plaintiff's intellectual property rights.

60. Defendants' infringing acts were willful, intentional, and purposeful, and in disregard of and with indifference to Plaintiff's rights.

## COUNT ONE
### Trademark Infringement – Lanham Act § 32(1), 15 U.S.C. § 1114(1)

61. Plaintiff hereby re-alleges and incorporates each and every allegation set forth in Paragraphs 1-60 as if the same was fully set forth herein.

62. The Defendants offers to sell, sales, distribution, promotion and advertisement of the Infringing Products violates Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1) by directly infringing Plaintiff's Marks, or by contributing to or inducing infringement of Plaintiff's Marks by others.

63. Plaintiff owns prior rights in Plaintiff' "OLIGHT" marks and is the current owner of U.S. Trademark Registration No. 4087723 for OLIGHT and Registration No. 4827605 for ⓘ OLIGHT.

64. By virtue of the valid registrations of Plaintiff's Marks, Defendants had constructive notice of Plaintiff's rights in Plaintiff's "OLIGHT" marks.

65. Defendants' use of the identical mark attempts to confuse and deceive consumers into purchasing Defendants' goods believing them to come from the trustworthy and reputable source associated with Plaintiff.

66. Defendants is using Plaintiff's hard-earned reputation and goodwill to deceive consumers into purchasing Defendants' product, at the expense of Plaintiff.

67. Defendants' use of the identical mark has already caused actual confusion as consumers have contacted Plaintiff with questions regarding Plaintiff selling combination sound and light machines and including an image of Defendants' product.

68. Defendants provides its goods to identical consumers as Plaintiff's goods and uses the identical trade channel of the internet and Amazon to reach said consumers.

69. Defendants' aforesaid acts have caused and will continue to cause Plaintiff to suffer damages and irreparable injury, and unless such acts are restrained by this Court through preliminary and/or permanent injunctive relief, such acts will be continued, and Plaintiff will continue to suffer damages and irreparable injury.

70. Xiaocheng is merely an alter ego of Hai Zhou, and failure to disregard separate identities would result in fraud and injustice to Plaintiff.

71. Plaintiff is entitled to damages in accordance with 15 U.S.C. 1117(a) to recover Defendants' profits resulting from the infringement and actual damages sustained by Plaintiff, both to be proven at trial, as well as costs of the case.

72. Defendants' willful, deliberate, and intentional infringement makes this case exceptional and entitles Plaintiff to reasonable attorney's fees.

## COUNT TWO
## Federal Unfair Competition – Lanham Act Section 43(a), 15 U.S.C § 1125

73. Plaintiff hereby re-alleges and incorporates each and every allegation set forth in Paragraphs 1-72 as if the same was fully set forth herein.

74. Defendants engaged in unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. Section 1125(a)(1) by falsely and in bad faith using a confusingly similar mark to Plaintiff's Marks, using the identical word "OLIGHT", using identical goods, using identical channels of trade as Plaintiff's goods, and targeting identical consumers.

75. Defendants' use of the identical mark in commerce in connection with similar goods, namely, a sound and light machine, is likely to cause confusion, cause mistake, and/or deceive consumers and the purchasing public as to affiliation, connection, or association of Plaintiff and Defendants and as to origin, sponsorship, or approval of Defendants' goods by Plaintiff.

76. Defendants' use of the identical mark attempts to confuse and deceive consumers into purchasing Defendants' goods believing them to come from the trustworthy and reputable source associated with Plaintiff.

77. Defendants is using Plaintiff's hard-earned reputation and goodwill to deceive consumers into purchasing Defendants' product, at the expense of Plaintiff.

78. Defendants' aforesaid acts have caused and will continue to cause Plaintiff to suffer damages and irreparable injury, and unless such acts are restrained by this Court through preliminary and/or permanent injunctive relief, such acts will be continued, and Plaintiff will continue to suffer damages and irreparable injury.

79. Plaintiff is entitled to damages in accordance with 15 U.S.C. 1117(a) to recover Defendants' profits resulting from the infringement and actual damages sustained by Plaintiff, both to be proven at trial, as well as costs of the case.

80. Xiaocheng is merely an alter ego of Hai Zhou, and failure to disregard separate identities would result in fraud and injustice to Plaintiff.

81. Defendants' willful, deliberate, and intentional infringement makes this case exceptional and entitles Plaintiff to reasonable attorney's fees.

## COUNT THREE
### False Designation of Origin (15 U.S.C. §1125(a))

82. Plaintiff hereby re-alleges and incorporates each and every allegation set forth in Paragraphs 1-81 as if the same was fully set forth herein.in the above paragraphs of this Complaint.

83. Defendants' promotion, marketing, offering for sale, and sale of similar goods using the identical OLIGHT mark have created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendants' products by Plaintiff.

84. By using the OLIGHT trademark in connection with the sale of OLIGHT products, Defendants created and is creating a false designation of origin and a misleading representation of fact as to the origin and sponsorship of Defendants' OLIGHT products.

85. Defendants' OLIGHT products are intended to be counterfeit goods specifically associated with Plaintiff's reputation and goodwill.

86. Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the counterfeit OLIGHT products to the general public is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

87. Defendants' aforesaid acts have caused and will continue to cause Plaintiff to suffer damages and irreparable injury, and unless such acts are restrained by this Court through preliminary and/or permanent injunctive relief, such acts will be continued, and Plaintiff will continue to suffer damages and irreparable injury.

88. Plaintiff is entitled to damages in accordance with 15 U.S.C. 1117(a) to recover Defendants' profits resulting from the infringement and actual damages sustained by Plaintiff, both to be proven at trial, as well as costs of the case.

89. As an alternative, Plaintiff is entitled to recover statutory damages under 15 U.S.C. 1117(c).

90. Xiaocheng is merely an alter ego of Hai Zhou, and failure to disregard separate identities would result in fraud and injustice to Plaintiff.

91. Defendants' willful, deliberate, and intentional infringement makes this case exceptional and entitles Plaintiff to reasonable attorney's fees.

**COUNT FOUR**
**Illinois Unfair Competition -- Uniform Deceptive Trade Practices Act (815 ILCS 510 et. seq.**

92. Plaintiff hereby re-alleges and incorporates each and every allegation set forth in Paragraphs 1-91 as if the same was fully set forth herein.

93. As detailed throughout this Complaint, Defendants has infringed Plaintiff's trademark rights by using the identical OLIGHT mark in connection with similar goods, namely, a sound and light machine, which uses identical channels of trade and targets identical consumers.

94. Defendants' acts and conduct constitute deceptive trade practice because Defendants is causing a "likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services" within the meaning of Section 815 ILCS 510/2. Defendants' acts and conduct are wrongful, knowing, willing, and malicious, and constitute unfair competition under Illinois law.

95. Xiaocheng is merely an alter ego of Hai Zhou, and failure to disregard separate identities would result in fraud and injustice to Plaintiff.

96. Plaintiff is entitled to injunctive relief, and Plaintiff is entitled to recover at least costs or reasonable attorney fees under at least 815 ILCS 510/3.

## COUNT FIVE
## Common Law Unfair Competition

97. Plaintiff hereby re-alleges and incorporates each and every allegation set forth in Paragraphs 1-96 as if the same was fully set forth herein.

98. The Defendants' activities described above, including, for example, the Defendants' use of Plaintiff's Marks, or colorable imitations thereof, through advertisements, promotions, offers to sell, sales, and distribution of the Infringing Products, constitute common law unfair competition, at least by palming off or passing off of the Defendants' goods and by simulating the Plaintiff's in an intentional and calculated manner that is likely to cause confusion, mistake, or deception as to origin, affiliation, or sponsorship, at least by creating the false and misleading

impression that the Defendants or the Defendants' products are manufactured by, authorized by, or approved by Plaintiff, or are otherwise associated with Plaintiff's products.

99. Plaintiff's Marks are entitled to protection under the common law. Plaintiff has extensively and continuously promoted and used Plaintiff's Marks for many years in the United States and the State of Illinois. Through that extensive and continuous use, Plaintiff's Marks have become a well-known indicator of the origin and quality of Plaintiff's products.

100. The Defendants' use of Plaintiff's Marks has caused, and unless enjoined, will continue to cause substantial and irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with Plaintiff's Marks, Plaintiff's products, and Plaintiff.

101. On information and belief, the Defendants' use of Plaintiff's Marks has been intentional, willful, and malicious. The Defendants' bad faith is evidenced at least by the similarity of the OLIGHT marks and the similarity of the infringing products to Plaintiff's products.

102. Xiaocheng is merely an alter ego of Hai Zhou, and failure to disregard separate identities would result in fraud and injustice to Plaintiff.

103. Plaintiff is entitled to injunctive relief, and Plaintiff is also entitled to recover at least Plaintiff's damages, the Defendants' profits, punitive damages, costs, and reasonable attorney fees.

## COUNT SIX
## Common Law Misappropriation

104. Plaintiff hereby re-alleges and incorporates each and every allegation set forth in Paragraphs 1-103 as if the same was fully set forth herein.

105. The Defendants' advertisements, promotions, offers to sell, sales, distribution, manufacture, and importing of the infringing products, in direct competition with Plaintiff, constitute common law misappropriation.

106. Plaintiff created Plaintiff's products bearing Plaintiff's Marks through extensive time, labor, effort, skill, and money. Defendants has wrongfully used Plaintiff's Marks in competition with Plaintiff and gained a special advantage because the Defendants was not burdened with the expenses incurred by Plaintiff. The Defendants has commercially damaged Plaintiff, at least by causing confusion as to origin, sponsorship, or affiliation of the Defendants' Infringing Products, by creating the false and misleading impression that its Infringing Products are manufactured by, authorized by, or otherwise associated with Plaintiff.

107. Plaintiff's Marks are entitled to protection under the common law. Plaintiff has extensively and continuously promoted and used Plaintiff's Marks for many years in the United States and the State of Illinois. Through that extensive and continuous use, Plaintiff's Marks have become a well-known indicator of the origin and quality of Plaintiff's products.

108. The Defendants' use of Plaintiff's Marks has caused, and unless enjoined, will continue to cause substantial and irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with Plaintiff's Marks, Plaintiff's products, and Plaintiff.

109. On information and belief, the Defendants' misappropriation of the Plaintiff's Marks has been intentional, willful, and malicious. The Defendants' bad faith is evidenced at least by the similarity of the OLIGHT marks and the similarity of the infringing products to Plaintiff's products.

110.    Xiaocheng is merely an alter ego of Hai Zhou, and failure to disregard separate identities would result in fraud and injustice to Plaintiff.

111.    Plaintiff is entitled to injunctive relief, and Plaintiff is also entitled to recover at least Plaintiff's damages, the Defendants' profits, punitive damages, costs, and reasonable attorney fees.

## COUNT SEVEN
## Unjust Enrichment

112.    Plaintiff hereby re-alleges and incorporates each and every allegation set forth in Paragraphs 1918 as if the same was fully set forth herein.

113.    As a result of Defendants' actions as stated herein, Defendants has been unjustly enriched and, at the same time, is causing a loss of revenue to Plaintiff to Plaintiff's detriment.

114.    Defendants has accepted and retained the benefit of the unjust enrichment from its wrongful conduct.

115.    Xiaocheng is merely an alter ego of Hai Zhou, and failure to disregard separate identities would result in fraud and injustice to Plaintiff.

116.    There is no express, written contract between Plaintiff and Defendants that would allow for Defendants to retain the benefit of the unjust enrichment from its wrongful conduct as described herein.

I.      **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.      For judgment in favor of Plaintiff against Defendants on all claims;

2. That pursuant to 15 U.S.C. § 1116 and to the Court's inherent equitable powers, the Court issue a preliminary and permanent injunction restraining and enjoining Defendants from using OLIGHT as well as any marks confusingly similar to Plaintiff's Marks;

3. That pursuant to 15 U.S.C. § 1117(a), Plaintiff recover Defendants' profits, such sums in addition thereto as the Court shall find just, and the costs of this action;

4. An Order directing the seizure and destruction of (i) all the Infringing Products in the Defendants' possession, custody, or control, and (ii) all advertising materials related to the Infringing Products in the Defendants' possession, custody, or control, including on the Internet pursuant to at least 15 U.S.C. § 1118.

5. An Order barring importation of the infringing products or colorable imitations thereof into the United States, and barring entry of the infringing products or colorable imitations thereof into any customhouse of the United States, pursuant to at least 15 U.S.C. § 1125(b);

6. Judgment that this case is exceptional, and that the Defendants be ordered to pay all of Plaintiff's attorney fees associated with this action pursuant to 15 U.S.C. 1117(a);

7. That pursuant to 15 U.S.C § 1117(c), Plaintiff recover statutory damages in an amount the Court shall find just;

8. That pursuant to Illinois Consumer Fraud and Deceptive Business Practices Act § 815 ILCS 510/3., and to the Court's inherent equitable powers, the Court issue a preliminary and permanent injunction restraining and enjoining Defendants from using OLIGHT as well as any marks confusingly similar to Plaintiff's Marks:

9. Entry of an Order that, upon Plaintiff's request, any online platform provided reasonable notice of the injunction, shall disable and cease displaying any advertisements used by or

19

associated with Defendants in connection with the infringing mobile application and/or remove or delete any such infringing mobile application;

10. Entry of an Order piercing the corporate veil between the Xiaocheng and Hai Zhou and holding them jointly and severally liable.

11. Awarding pre- and post- judgment interest.

12. Awarding Plaintiff such other and further relief as this Court deems is just and proper.

### Jury Trial Demand

Plaintiff requests a trial by jury pursuant to Federal Rule of Civil Procedure 38.

Dated this 24 day of July 2023

**BAYRAMOGLU LAW OFFICES LLC**

By: */s/ David Silver*
DAVID SILVER, ESQ.
david@bayramoglu-legal.com
1540 West Warm Springs Road, Suite 100
Henderson, Nevada 89052
Attorneys for Plaintiff